UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Applicant,

    -vs-                                Case No. 15-MC-7

**V&J FOODS, Inc. d/b/a
BURGER KING,**

    Defendant.

## DECISION AND ORDER

This is an application to enforce an administrative subpoena issued by the Equal Employment Opportunity Commission. For the reasons that follow, this application is granted.

The Subpoena relates to a disability discrimination charge filed by Glenn Shaw against V&J Foods, Inc., d/b/a Burger King. The EEOC initially requested Mr. Shaw's "personnel file, including but not limited to performance evaluations, disciplinary actions, payroll actions, personnel actions, [and] investigative reports …" That request was made in June of 2013. More than a year passed, but V&J didn't produce any of the requested information. Thus, on July 9, 2014, the EEOC served V&J with Subpoena No. CHMK-A14-6.

The Subpoena seeks, among other items, "all communications of any kind …, telephone records …, personnel records, performance reviews, leave

records, attendance records, return to work records, work assignment records, calendars or schedules, including any of such records kept by [Shaw's supervisor] Todd Wittenberg, [V&J's] Human Resources Department, or any other managers …". The Subpoena also seeks a variety of files, including, most prominently, Shaw's personnel file. V&J complied in fits-and-starts, but not completely. As a result, the EEOC filed this application on February 26, 2015.

Subpoena enforcement proceedings "are designed to be summary in nature." *EEOC v. United Airlines, Inc.*, 287 F.3d 643, 659 (7th Cir. 2002) (quoting *EEOC v. Tempel Steel Co.*, 814 F.2d 482, 485 (7th Cir. 1987)). So long as the investigation is "within the agency's authority, the subpoena is not too indefinite, and the information sought is reasonably relevant, the district court must enforce an administrative subpoena." *Id.* Traditionally, courts have allowed the EEOC access to information that "might cast light on the allegations against the employer." *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984). Still, the relevance requirement is meant to "prevent fishing expeditions," and the EEOC must have "a realistic expectation rather than an idle hope that something may be discovered." *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 653 (7th Cir. 2002).

V&J complains that the EEOC did not make a reasonable attempt to explain its theory of liability. This argument is tangential to the relevance

requirement, which is easily satisfied. The EEOC requests all information related to Shaw. To state the obvious, such documents could "cast light" on Shaw's allegations of disability discrimination. The subpoena is also within the EEOC's authority and not indefinite. Therefore, it must be enforced.

V&J plays coy as to whether it has more responsive documents. Regarding such an argument in the context of an NLRB subpoena, the Court observed that "the Board wants more, and it is entitled to more. If the respondents have no further evidence, they can testify as such." *NLRB v. Marano*, 996 F. Supp. 2d 720, 724 (E.D. Wis. 2014). To this end, the EEOC suggests, and the Court agrees, that V&J must certify under penalty of perjury that all responsive documents have been produced.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the EEOC's application to enforce EEOC Subpoena No. CHMK-A14-6 is **GRANTED**. V&J must produce the following:

1. All communications regarding Glenn Shaw from Todd Wittenberg's account for January 1 to March 16, 2011, and November 23, 2011, to December 31, 2012;

2. All communications regarding Shaw from anyone in V&J's Human Resources Department for the entire calendar year 2011 and 2012;

3. All communications regarding Shaw from any of its managers,

- 3 -

up to and including Valerie Daniels-Carter, V&J's President and Chief Executive Officer, and Calvin Scott, V&J's Vice President of Administration and Legal Counsel, for all of 2011 and 2012;

4. Shaw's entire personnel file or a declaration, signed under penalty of perjury by Ms. Daniels-Carter or Mr. Scott, stating clearly and unequivocally that V&J has produced Shaw's entire personnel file; and

5. A declaration, signed under penalty of perjury by Ms. Daniels-Carter or Mr. Scott, stating clearly and unequivocally that V&J has produced all responsive documents in its possession, custody, or control.

**IT IS FURTHER ORDERED** that the EEOC is entitled to costs.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2015.

                        **BY THE COURT:**

                        *Rudolph T. Randa*
                        **HON. RUDOLPH T. RANDA**
                        **U.S. District Judge**